UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ABETH HASHIMI,                                    :
                                                  :
                            Plaintiff,            :
                                                  :
            -against-                             :       **MEMORANDUM AND ORDER**
                                                  :       23-cv-5811 (DLI)(JRC)
COURT DINER INC.,                                 :
                                                  :
                            Defendant.            :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On July 31, 2023, Plaintiff Abeth Hashimi ("Plaintiff") brought this action against Defendant Court Diner Inc. ("Defendant"), seeking injunctive relief for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). *See*, Compl., Dkt. Entry No. 1. Defendant is the operator of Court Square Diner, located at 45-30 23rd Street, Queens, NY 11101 ("Diner"). Compl. ¶ 3. Plaintiff, who allegedly is considered disabled under the ADA, claims that the Diner is not sufficiently accessible and that he has suffered and will suffer irreparable harm unless Defendant rectifies the alleged violations of the ADA and ADAAG. Defendant moves to dismiss the Complaint for lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See*, Mot., Dkt. Entry No. 11. Plaintiff opposed. *See*, Opp'n, Dkt. Entry No. 12. Defendant replied. *See*, Reply, Dkt. Entry No. 13. For the reasons set forth below, Defendant's motion to dismiss is granted without prejudice.

## BACKGROUND

Plaintiff, a resident of Flushing, Queens, suffers from a congenital neuromuscular disorder that results in him being "bound to ambulate in a wheelchair," and is, thus, considered disabled under the ADA. Compl. ¶ 2; Mot. 2. Defendant is the lessee and operator of the Diner, which

Plaintiff alleges, and Defendant has not disputed, is a public accommodation and service establishment subject to the ADA and ADAAG. Compl. ¶¶ 3, 7; Mot. 2.

Plaintiff alleges in the Complaint that he lives four or five miles from the Diner, although Defendant claims in its motion that Plaintiff's home area of Flushing is closer to nine miles away, which Plaintiff did not dispute. *See*, Compl. ¶ 5; Mot. 2, 8; Mot. Ex. B. Plaintiff alleges he first visited the Diner in early April 2023 and again on or about April 29, 2023. Compl. ¶¶ 4-5, 11. On both occasions, he purportedly was unable to enter due to "physical barriers." *Id.* ¶ 4. He alleges that he travels in the vicinity of the Diner "at least once per week when he is doing errands, visiting family and friends, and looking to eat out," eats in the same neighborhood of the Diner "once or twice per week," and would eat at the Diner in the future, if he were not prevented from entering due to the structural barriers. *Id.* ¶¶ 4-5.

## LEGAL STANDARD

### I. Rule 12(b)(1) Motion to Dismiss

Defendant moves to dismiss for lack of subject matter jurisdiction due to lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Subject matter jurisdiction is a threshold issue. It is axiomatic "that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quotation marks omitted). Rule 12(b)(1) motions may be facial or fact based.

In reviewing a facial Rule 12(b)(1) motion to dismiss, the court accepts as true all material factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). The court's task is to "determine whether the pleading alleges

2

facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* at 56 (quotation marks and alterations omitted). However, a plaintiff "bears the burden of alleging facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *See*, *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation and modification omitted).

Alternatively, a defendant may make a fact based Rule 12(b)(1) motion, "proffering evidence beyond the Pleading," as Defendant has done here, with respect to Plaintiff's intent to return to the Diner. *Carter*, 822 F.3d at 57; Mot. 7-8. The plaintiff must present his own evidence if the defendant "reveal[s] the existence of factual problems," but a plaintiff need not present evidence if defendant's evidence "is immaterial because it does not contradict the plausible allegations that are themselves sufficient to show standing." *Carter*, 822 F.3d at 57. If there is material and controverted extrinsic evidence, "a district court will need to make findings of fact in aid of its decision as to subject matter jurisdiction." *Reliability Inc. v. Doki*, 2021 WL 3408589, at *6 (S.D.N.Y. Aug. 4, 2021) (citing *Carter*, 822 F.3d at 57) (quotation marks omitted).

**II.     Standing**

"Under Article III of the U.S. Constitution, '[t]he judicial Power of the United States' extends only to certain 'Cases' and 'Controversies.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting U.S. Const. art. III §§ 1-2). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). In the ADA context, a plaintiff "has suffered an injury in fact when: (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was

reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano*, 36 F.4th at 74 (internal citation, quotation marks, and modification omitted). Dismissal of a complaint for lack of standing must be without prejudice: "Such a dismissal is one for lack of subject matter jurisdiction, . . . and without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *Carter*, 822 F.3d at 54-55.

## DISCUSSION

Defendant contends that Plaintiff lacks standing because he has not alleged adequately either past injury or a plausible intention to return to the Diner. Defendant makes a facial motion for past injury and a fact based motion for intent to return. In opposition, Plaintiff claims that the facts alleged are sufficient and focuses largely on the irrelevant issue of his alleged status as a serial litigant.

"Courts both in this Circuit and elsewhere have held that, as a bare minimum, a plaintiff can establish a direct injury sufficient to support standing only if she personally encounters the barrier to access that caused her injury." *Feltzin v. Triangle Props. #1, LLC*, 2016 WL 11599264, at *4 (E.D.N.Y. Dec. 15, 2016) (citation and internal quotation marks omitted). Furthermore, the injury must be "both concrete and particular to the plaintiff." *Id.*

Plaintiff claims he was injured when he was denied, restricted, or limited in his access to the Diner during the two alleged visits in April 2023. He offers no description about the structural barriers or the Diner's entrance and exit. Instead, he vaguely states that the barriers "restrict and/or limit" his access to the Diner. Compl. ¶¶ 4, 6, 11-12. It is not clear that Plaintiff even knows what the barriers are, let alone that he suffered an injury. *See*, *Adams v. 98-208 Para Realty Corp.*, 2023

4

WL 5827595, at *4 (E.D.N.Y. Sept. 8, 2023) (finding plaintiff failed to allege past injury based on substantially similar facts).

Additionally, it is not clear which, if any, of the thirty-six[1] alleged violations of the ADA and ADAAG Plaintiff personally encountered.  *See*, Compl. 5-19; *See also*, *Adams*, 2023 WL 5827595, at *4 ("[A]lthough Plaintiff lists twenty-one alleged ADA violations . . . , Plaintiff does not allege that he personally encountered any of the violations.").  The allegations lack any factual support or connection to any injury.  *See*, *Feltzin*, 2016 WL 11599264, at *6 ("Plaintiff makes no attempt to tether his laundry list of alleged violations to any alleged injury.").  Indeed, they appear to have been copied and pasted from the ADAAG.  Furthermore, many of the alleged violations do not comport with common sense, such as the eight violations related to the women's restroom, which Plaintiff has made no indication he would use.  *See*, Compl. 16-19.  Taken together, Plaintiff's "recitation of the elements of an ADA claim," and recitation of the ADAAG, without "any supporting factual allegations," can be construed as nothing more than a conclusory claim insufficient to confer standing.  *See*, *Feltzin*, 2016 WL 11599264, at *5.

Of course an ADA plaintiff "need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, [but] they must at least prove actual knowledge of the barriers and show that they would visit the building in the imminent future but for those barriers." *Small v. Gen. Nutrition Cos., Inc.*, 388 F. Supp.2d 83, 87 (E.D.N.Y. Feb. 25, 2005) (internal citations omitted).  However, Plaintiff hardly provided any details about the Diner or the alleged violations.  He largely neglected to rebut the merits of Defendant's Motion, instead devoting half of the Opposition to the less significant issue of Plaintiff's alleged status as a serial litigant.  Finally, factual errors in the Opposition, notably the references to a door buzzer

---

[1] The Complaint incorrectly lists numerals III and XVI twice each.  The final numeral should be XXXVI (*i.e.*, 36).

5

that is not mentioned in the Complaint, point to the boilerplate nature of this action.  *See*, Opp'n ¶¶ 4-5.  The Court "might excuse a stray technical error or even credit an odd allegation standing alone as an idiosyncratic preference," but to do so here, when the errors are compounded by the utter lack of factual allegations and substantive arguments, would amount to the Court "burying [its] head[ ] in the sand."  *Calcano*, 36 F.4th at 77.

"Beyond stating that the injury requirement is 'clearly' met, [P]laintiff sets forth no substantive argument that he has alleged an injury stemming from a personal encounter with violations of the ADA."  *See*, *Feltzin*, 2016 WL 11599264, at *5.  Having failed to show that he has suffered an injury, he lacks standing.  The Court need not address whether Plaintiff also lacks standing on the basis of his intent to return.  Accordingly, the Court lacks subject matter jurisdiction, and the case must be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted and the Complaint is dismissed without prejudice.


SO ORDERED.

Dated:  Brooklyn, New York
        September 18, 2024

                                                              /s/
                                                    DORA L. IRIZARRY
                                                    United States District Judge

6